# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 18MJ22829-WQH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ANA LAURA MOURET-ROMERO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss, suppress statements and evidence, and for jury trial filed by Defendant. (ECF No. 13).

On November 14, 2018, Defendant was arrested in an area approximately one half mile north of the U.S.-Mexico border and 24 miles east of the Tecate Port of Entry.

On November 15, 2018, Defendant was charged in a complaint with eluding examination and inspection in violation of 8 U.S.C. § 1325(a)(2), a Class B misdemeanor.

On December 24, 2018, Defendant moved the Court to dismiss the complaint, to suppress field statements and statements made in response to booking questions, and to order a jury trial.

**Motion to dismiss**

Defendant moves to dismiss the complaint on the grounds that (1) her prosecution violates equal protection and due process and (2) 8 U.S.C. § 1325 is unconstitutional. Defendant contends that the Government discriminates against her

on the basis of her status as an alien when she is not permitted to take advantage of the substantial benefits of prosecution in the Central Violations Bureau (CVB) court, and other individuals charged with petty offenses are prosecuted in CVB court. Defendant contends that her harsh treatment as compared to other individuals charged with petty offenses violates due process and equal protection.

Plaintiff United States contends that Defendant has suffered no equal protection violation or due process violation as a result of her prosecution in this case. Plaintiff United States asserts that persons charged with a violation of 8 U.S.C. § 1325 and persons prosecuted through the CVB court are treated differently based upon the type of offense at issue and not alienage.

In *United States v. Mendoza-Hinojosa*, 216 F.3d 1085 (9th Cir. 2000), the defendant charged with previously deported alien found in the United States in violation of 8 U.S.C. § 1326 asserted that sixteen level enhancement in U.S.S.G. § 2L1.2 violated his rights under the Equal Protection Clause. Defendant asserted that the upward enhancement of his sentence disproportionately punished him on the basis of alienage by placing him in the same penalty category as United States citizens committing far more serious offenses. The Court of Appeals concluded that there was no basis for the Equal Protection argument and explained,

> there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification. *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (power to expel aliens is a fundamental sovereign attribute exercised by political departments of government and largely immune from judicial control); *see also Plyler v. Doe.* 457 U.S. 202, 223-225 (1981) ( "Undocumented aliens cannot be treated as a suspect class because their presence in this country in violation of federal law is not a 'constitutional irrelevancy.' ... it is 'a routine and normally legitimate part' of the business of the Federal Government to classify on the basis of alien status ... and to 'take into account the character of the relationship between the alien and this country .' ' ").

*Id.* at *2. In this case, 8 U.S.C. § 1325 provides criminal penalties for aliens undertaking specific unlawful actions, i.e. "elud[ing] examination or inspection by immigration officers." 8 U.S.C. § 1325(a)(2). The statute creates a classification based

upon criminal action and not alienage. Even assuming an alien-based distinction, rational basis review would apply and satisfy equal protection analysis. Cases prosecuted in the CVB court are predicated on a violation of law on federal property and § 1325 prosecutions do not have this same jurisdictional underpinning. Defendant's prosecution in this district court for eluding examination and inspection in violation of 8 U.S.C. § 1325(a)(2), a Class B misdemeanor, does not the violate the Equal Protection Clause or the Due Process Clause of the United States Constitution.

The Court further concludes that 8 U.S.C. § 1325 is not unconstitutional on the grounds that the Supreme Court in *Sessions v. Morales-Santana,* 137 S. Ct. 1678 (2017) "held that the statutes transmitting citizenship to children born abroad violate equal protection under the Fifth Amendment's Due Process Clause – they treat children of unwed mothers and unwed fathers differently." (ECF No. 15-1 at 8). The Supreme Court did not address 8 U.S.C. § 1325 and Defendant fails to show that the decision in *Morales-Santana* has any effect on the constitutionality of 8 U.S.C. § 1325.

**Motion to suppress**

Defendant moves the Court to suppress her field statements and statements made in response to booking questions before *Miranda*[1] advisal. Plaintiff United States asserts that it is well settled that border patrol agents may conduct field interviews to determine alienage without informing a suspect of *Miranda* rights.

In *United States v. Galindo-Gallegos*, 244 F.3d 728 (9th Cir. 2001), the Court of Appeals concluded "[w]here officers apprehend a substantial number of suspects and question them in the open prior to arrest, this is ordinarily a Terry stop, not custodial questioning, under *Berkemer* [v. McCarty, 468 U.S. (1984)]." *Id*. at 732. There are no facts set forth in the motion that would lead to the conclusion that any statements by Defendant should be suppressed. Defendant's motion to suppress statements is denied without prejudice to renew upon a showing of factual basis for suppression.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Defendant's motion to suppress evidence not timely provided in discovery and unnoticed prior acts under Federal Rule of Evidence 404(b) are granted.

**Motion for jury trial**

Defendant concedes that there is a presumption the offense in this case is a "petty" offense which may be tried to judge without violating the Sixth Amendment but asserts that the penalty of deportation upon conviction of the charged offense together with the custodial punishment is sufficiently severe to warrant a jury trial. Plaintiff United States contends that Defendant is not entitled to a jury trial in this misdemeanor case.

The United States Supreme Court has concluded that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968). In determining whether a particular offense should be considered 'petty,' the court considers "objective indications of the seriousness with which society regards the offense." *Frank v. United States*, 395 U.S. 147, 148 (1969).

A defendant is entitled to a jury trial "where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69 (1970). Charges with a sentence of six months or less are presumed for the purposes of the Sixth Amendment as 'petty.' *Blanton v. City of North Las Vegas, Nev.*, 489 U.S. 538, 543 (1989). In *United States v. Wallen*, 874 F.3d 620, 625 (9th Cir. 2017), the Court of Appeals stated:

> "It is well established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.' " *Lewis v. United States*, 518 U.S. 322, 325, 116 S. Ct. 2163, 135 L.Ed.2d 590 (1996) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 159, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)). "[T]o determine whether an offense is petty, we consider the maximum penalty attached to the offense." *Id.* at 326, 116 S.Ct. 2163. "An offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious." *Id.*

In this case, the offense charged is a Class B misdemeanor that carries a maximum term

of imprisonment of 6 months. This is a 'petty' offense not subject to the jury trial provisions of the Sixth Amendment. Deportation is not a penalty authorized as a consequence of a conviction. The Court concludes that a collateral consequence of deportation after conviction does not authorize an additional penalty or indicate that the legislature considered this misdemeanor charge a serious offense subject to the jury trial right. *See United States v. Rodriguez*, 742 F.2d 1194 (9th Cir. 1984) ("The alleged collateral consequences that may flow from future illegal behavior do not convert the border-crossing misdemeanor into a 'serious offense' for which the Sixth Amendment requires a trial by jury.").

Defendant's motion for a jury trial is denied.

**Conclusion**

IT IS HEREBY ORDERED that the motion to dismiss, suppress statements and evidence, and for jury trial filed by Defendant (ECF No. 13) is denied.

DATED: March 13, 2019

_____
**WILLIAM Q. HAYES**
United States District Judge